UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

    - v. -                                   :        12 Cr. 870 (LAK)

WALKER WASHINGTON,                :
    a/k/a "Da Franchise Playa,"
    a/k/a "Homocide,"                 :
    a/k/a "Cappachinno,"
                                    :
              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA**

                                                          PREET BHARARA
                                                          United States Attorney for the
                                                          Southern District of New York
                                                          Attorney for the United States of America

Amy Garzon
Assistant United States Attorney
    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| - v. - | :        12 Cr. 870 (LAK) |
| WALKER WASHINGTON, <br>    a/k/a "Da Franchise Playa," <br>    a/k/a "Homocide," <br>    a/k/a "Cappachinno," | : <br><br> : <br><br> : |
|              Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SENTENCING MEMORANDUM**

The Government respectfully submits the following memorandum in connection with the sentencing of WALKER WASHINGTON, a/k/a "Da Franchise Playa," a/k/a "Homocide," a/k/a "Cappachinno," (the "defendant"), which is scheduled for May 22, 2013 at 4:00 p.m. For the reasons that follow, the Government submits that a sentence within the advisory Guidelines range would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing set forth in Title 18, United States Code, Section 3553(a).

**I. BACKGROUND**

**A.** <u>**Offense Conduct**</u>

As set forth in the Presentence Investigation Report dated May 14, 2013 (the "PSR"), the defendant was charged in a one count Indictment, 12 Cr. 870 (LAK) for leaving without authorization and not returning to the Bronx Residential Reentry Center ("Bronx RRC") located in Bronx, New York, while he was in community confinement following conviction in the United States District Court for the Southern District of New York of mail fraud and conspiracy to commit mail fraud, in violation of Title 18, United States Code, Sections 1341, 1349, and 2.

PSR ¶¶ 1-2; Indictment.  The defendant was taken into federal custody on these charges on October 12, 2012 and has been detained since.

B.          **The Plea and Guidelines Calculations**

On January 11, 2013, the defendant entered a plea of guilty, without a plea agreement, to the sole count in the Indictment before the Honorable Henry B. Pitman.  PSR ¶ 3.   Before the defendant's plea, the Government provided the defendant with a letter pursuant to the Second Circuit's suggestion in United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991) that the Government set forth its then-current position regarding the application of the United States Sentencing Guidelines ("the Guidelines" or "U.S.S.G.").  The Pimentel letter calculated the defendant's Offense Level as 7 and his Criminal History Category as IV, resulting in a Guidelines range of 8 to 14 months' imprisonment.  See Pimentel Letter at 3.[1]

The Government has no objections to the adjusted offense level and criminal history calculations in the PSR.  The PSR ultimately recommends a sentence of 14 months' imprisonment.  See PSR Addendum at p. 23.

## II.  APPLICABLE LAW

The Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), although they are no longer mandatory.  "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" – that range "should be the starting point and the initial benchmark."  Gall v. United States, 128 S. Ct. 586, 596 (2007).  As the Second Circuit has noted, although the Guidelines do not dictate a presumptively reasonable sentence, they are not merely a "body of casual advice."  United States v. Cavera, 550 F.3d 180,

---

[1] A copy of the Pimentel letter is attached to this submission.

189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).  The Guidelines' relevance throughout the sentencing process stems in part from the fact that, while they are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," Rita v. United States, 551 U.S. 338, 348 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," Gall, 552 U.S. at 46.

After making the initial Guidelines calculation, a sentencing judge must then consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, see id. § 3553(a)(2); "the kinds of sentences available," id. § 3553(a)(3); the Guidelines range itself, see id. § 3553(a)(4); any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and "the need to provide restitution to any victims," id. § 3553(a)(7).  See Gall, 128 S. Ct. at 596 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)  to afford adequate deterrence to criminal conduct;
>
> (C)  to protect the public from further crimes of the defendant; and
>
> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).  To the extent District Court imposes a sentence outside the range recommended by the Guidelines, the Court must "'consider the extent of the deviation and

ensure that the justification is sufficiently compelling to support the degree of the variance.'" Cavera, 550 F.3d at 189 (quoting Gall, 128 S. Ct. at 596).

### III.  DISCUSSION

In light of the nature of the instant offense, as well as the history and characteristics of this defendant, the Government respectfully submits that a sentence within the advisory Guidelines range would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

First, a sentence within the Guidelines range is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).  The seriousness of the instant offense requires little elaboration—the defendant was arrested, after having escaped from the Bronx RRC (a residential reentry facility that houses other inmates).  He disregarded Bronx RRC rules that he agreed to follow by leaving on a pass to go St. Luke's Hospital in Manhattan and never returning.

Second, a sentence within the Guidelines range is necessary to afford adequate deterrence.  See 18 U.S.C. § 3553(a)(2)(B).   This is yet another conviction in the defendant's fairly lengthy criminal history; indeed, the current charge and his criminal history show that deterrence is an issue with respect to this defendant, and one that the Court may properly consider in imposing a sentence.

Third, a sentence within the Guidelines range is necessary to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a)(2)(C).   For the reasons set forth above, there is reason for this Court to be concerned about the defendant's likelihood of engaging in future criminal activity.  The defendant here committed the instant offense while still serving his

sentence on a prior offense. As such, a sentence within the Guidelines range is appropriate to protect the public from future crimes of the defendant.

## IV.  CONCLUSION

For the foregoing reasons, the Government respectfully submits that a sentence within the advisory Guidelines range is appropriate here and would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.


Dated: New York, New York
       May 21, 2013

                Respectfully submitted,

                PREET BHARARA
                United States Attorney
                Southern District of New York


      By:  */s/ Amy Garzon*
          Amy Garzon
          Assistant United States Attorney
          (212) 637-2431